IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDERICK LUSTER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 1:15-CV-1428-RWS |
| KENNETH, EISEN &<br>ASSOCIATES, LTD., | : |
| Defendant. | : |

### ORDER

This matter is before the Court on Defendant's Motion to Dismiss [Doc. No. 31] and Defendant's Motion to Stay [Doc. No. 32].

**I.    Factual Background**

On April 29, 2015, Plaintiff Frederick Luster filed this action against Defendant Kenneth, Eisen & Associates, asserting a putative class action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") [Doc. No. 1]. Plaintiff's claim arises out of Defendant's alleged calls to Plaintiff's cellular telephone number. Specifically, Plaintiff alleges that Defendant made telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and an artificial or pre-recorded voice when

attempting to collect a debt from someone Plaintiff does not know. Defendant contends that these were "wrong number" calls because Plaintiff's telephone number had been provided to Defendant as the telephone number of a debtor named Audrey Nunez.

**II.     Motion to Dismiss [Doc. No. 31] and Motion to Stay [Doc. No. 32]**

Defendant has moved to dismiss this action because he contends that Plaintiff has failed to plead a "concrete" injury as required by Article III of the United States Constitution and the United States Supreme Court in <u>Spokeo, Inc. v. Robins</u>, 578 U.S. ___, 136 S. Ct. 1540, 2016 WL 2842447 (May 16, 2016). For that reason, Defendant argues that Plaintiff lacks standing and so his claims fail as a matter of law.

Article III of the United States Constitution restricts the jurisdiction of federal courts to actual "cases" and "controversies." Article III standing requires "an injury in fact that is concrete, particularized, and actual or imminent." <u>City of Miami v. Bank of America Corp.</u>, 800 F.3d 1262, 1272 (11th Cir. 2015). As the Eleventh Circuit has always made clear and <u>Spokeo</u> reaffirmed, this is true even in the context of a federal statutory violation. <u>Id.</u> (addressing Article III standing in a Fair Housing Act case); <u>Palm Beach Gold Center - Boca, Inc. v. John</u>

AO 72A (Rev.8/82)

G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1251 (11 Cir. 2015) (addressing Article III standing in a TCPA case); Spokeo, 136 S. Ct. at 1547-48.

The Court finds that Plaintiff has pled sufficient "injury" for this Court to have subject matter jurisdiction over his claim. In a recent unpublished opinion, Church v. Accretive Health, Inc. No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016), the Eleventh Circuit addressed the "injury-in-fact" requirement under the Fair Debt Collection Practices Act. The panel thoroughly reviewed Spokeo and cited to Havens Realty Corp. v. Coleman, 455 U.S. 363, 373-74 (1982), for the rule that "[a]n injury-in-fact, as required by Article III, 'may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . . ." Church, 2016 WL 3611543, at *3 (citing Havens, 455 U.S. at 373). The Court notes that Plaintiff's alleged "injury" in Church was that upon receiving a letter that did not contain certain required disclosures she "was very angry" and "cried a lot." Church, 2016 WL 3611543, at *1. In this case, Plaintiff has alleged that he was injured by the annoyance, nuisance, and occupation of a telephone line, which is clearly an invasion of his rights protected by the TCPA.

The Court finds that Plaintiff has standing to assert his claim and that this Court has jurisdiction. Defendant's Motion to Dismiss [Doc. No. 31] is DENIED.

3

As the Court has now decided the Motion to Dismiss, Defendant's Motion to Stay [Doc. No. 32], which sought a stay until the Court decided the Motion to Dismiss, is DISMISSED as moot.

## III. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss [Doc. No. 31] is DENIED. Defendant's Motion to Stay [Doc. No. 32] is DISMISSED as moot. The parties are ORDERED to confer regarding a plan for discovery in this matter and update the Court regarding the status of the Motion to Certify Class [Doc. No. 7] within fourteen days. The Court notes that Plaintiff appears to have intended the Motion [Doc. No. 7] to serve as a placeholder and for additional discovery to take place prior to class certification. If the parties cannot agree upon a discovery schedule, they should contact the Courtroom Deputy Clerk, Rick Goss, pursuant to the Court's Standing Order re Civil Litigation [Doc. No. 3].

**SO ORDERED**, this 7th day of September, 2016.

_____
RICHARD W. STORY
United States District Judge

AO 72A
(Rev.8/82)